Good morning, your honors. My name is Richard Kateman. I'm an attorney for the appellant Monique Dallone. All right. Good morning, your honors. My name is Ed Loskamp and I'm the attorney for defendants Ventura Unified School District and Mr. Morrison and Mrs. Dean. All right, thank you very much. Okay, then we will begin with Dallone giving argument. Thank you, your honors. First, may I quickly apologize for my physical condition. I'm one of those lucky people who never get sick. Unfortunately, this is not one of those never times. I can go years without being sick and I've been right now at the peak of having a cold and if I'm not speaking clearly, you can understand me because of what's going on in my head, I apologize in advance. Not to mention my head's working about the because of the ruling of the court, the district court below, which granted the defendant's motion to dismiss and terminated the case. What we don't know is why the district court did what it did because the district court didn't favor us with a written explanation or reasons for its ruling. That makes our job a little more difficult for obvious reasons because now we have to guess and that might have arisen that would cause the court to do what it did. But you understand that everything is de novo except the motion to dismiss. That's correct, your honor. I do understand that. I mean, excuse me, the motion to dismiss without leave to amend, that would be discretionary. I do understand that, your honor. It's just that we have a broader range of topics that we would have to address because we haven't had it narrowed by the court in terms of any written rulings. Did you ever make a motion to amend? No, your honor, I did not. It was my understanding that under the rules or the case law that governed that, that that motion to amend was not necessary in order for the appeal to be taken. I want you to take a look at the timing. As I understand it, the order of dismissal was entered while the one of the parties had not yet been served and there were still, I think, 12 days left before that service. So it seems to me that there was an absolute right to amend during that period. And also that the district court abused its discretion when it dismissed after 108 days rather than to wait until the filing and service period was over. Well, your honor, thank you for bringing that point up. I frankly am not aware of that timing issue. This is the first I've been made aware of it. And you may very well be correct. I have no way to rebut that since I am frankly and honestly not aware of that particular timing issue. I didn't think that had happened. I wouldn't think you'd want to rebut that. Yeah, I wouldn't either. She's helping you. No, I understand. So from the appellant standpoint, your honors, our job is to try and find out what issues might have been purely fatal that the court might have used to justify its ruling. I think it's... You certainly don't believe that your case could go forward under the 11th Amendment, do you? I'm sorry? You certainly don't believe your case could go forward under the 11th Amendment, do you? But if you're asking, do I believe that there's any absolute immunity applicable to the defendants here? I didn't find any California law which would suggest that they waived the immunity under the 11th Amendment and therefore it seems the 11th Amendment is pretty well appropriate here. Well, your honor, I must respectfully disagree. The state law with respect to false imprisonment and false arrest, which is the fundamental factual foundation of this case, is clearly waived by statute as to both the individual defendants and the school district. That's set forth in all our opposition papers at the motion to page as well as argued in the appeal papers. That is the appropriate statute which waives the immunity under the 11th Amendment. Well, it doesn't waive the 11th Amendment expressly. That's what I thought. But it's my understanding that the case law, your honor, makes it clear that that waiver of immunity does not have to be expressed if it is clearly the intention of the legislature that that immunity is waived by making the legal actions available to all kinds of the defendants, including the corporate defendant, meaning the school district, as well as the individual defendants. And in this case, as your honors know, based on the statute relating to false imprisonment and false arrest, that the individual defendants are specifically held liable for actions amounting to false arrest and false imprisonment in the statutes that deal with immunity. And then the school district itself is held available for liability if its employees are liable for any offense that's permitted by statute. And that is the stepping stones which clearly establish the intent of the legislature to waive the 11th Amendment bar of absolute immunity for these defendants in this case. But, Bob, the school district could have monel liability if the suit were in state court. But does that mean that it doesn't get 11th Amendment immunity? Yes, ma'am. I believe it does, your honor. I believe it does. The test is does the state intend to waive that right to immunity? And the answer, I believe, exists in the statute itself because it makes it explicitly clear in the statute that the cause of action, the false arrest, false imprisonment cause of action, and the factual allegations show that that activity by all of the defendants is the one which establishes the violations of all of the other rights because it was used as a pretextual basis for denying the plaintiff of her federally constitutionally protected rights. I've kind of heard your argument there and your time's running. It seems to me that there's a pretty good argument you missed the statute of limitations on the freedom of speech. Your honor, I believe the statute of limitations issue among all of them is one of the more clear issues that Isn't it two years from the date of injury in California? It is two years, yes, your honor. And didn't it happen on October 29th and this was not filed until February of 2003 and this action was not filed until February 2006? If you're referring to the first letter that was authored by defendant Morrison, the answer to that question, I believe, is no, your honor. And the reason being is that there was no injury by the issuance of that letter to the plaintiff and that the action accrues only when all of the elements related to it, of course, take place. And until the arrest was made based on the published letters or the letters that were issued by the defendants, until there was an injury to the plaintiff, there was no harm done and therefore the statute of limitations did not begin to accrue until that point. It being that Mrs. Blone, if she had never been arrested, would never have suffered any harm as a result of the issuance of that letter. Well, let's move to qualified immunity. If we look at qualified immunity, where is the right clearly established that the school district officials would have known they were violating the Constitution? Your honor, the qualified immunity is not applicable in this case because as the motion at the lower level and here establishes that the actions of the defendants were taken to cause a warrantless arrest without probable cause. I guess I'm trying to find the statutory framework or the case that would suggest that this school district, doing what it did, would have those would just be absolutely on notice that what they did was clearly violating the Constitution. Your honor, the penal code upon which the arrest of Mrs. Blone was relied, section 626, clearly states that the case law behind it, particularly the California Supreme Court decision, Braxton, that is 32 years old at the time these violations took place, established a bright-line test that said if you are going to deny the persons who are entitled to be physically present, and Mrs. Blone was one of those on a school campus because her daughter attended that, if you're going to deny that, you must follow certain procedures. And those procedures were not followed, clearly not followed, because they did not provide Mrs. Blone with an opportunity to appeal her revocation of her right to be on campus. They did not notify her of that. And that was a clear violation of 626. And to use that statute then as a basis for having her arrested, which was clearly done and shown by the arrest documents, and then following up to that, even though it was signed by Michelle Dean, the arrest document says, I am causing the citizen's arrest of Mrs. Blone pursuant to 626, and I promise I will appear and sign the necessary papers following this arrest, she did not even do that. And where is the publication that would be alleged as to the defamation claim? Your Honor, if you're referring to the argument that in order for a defamation to succeed there must be a publication, I don't believe that's applicable in this situation for a cause of action under 1983 for defamation plus. I believe that cause of action was properly pled because the cause of action for defamation plus only requires the establishment or pleading of facts which show that the claim is based on harm to reputation which occurred in connection with the denial of a constitutional right. And so the mere publication of a letter, the fact that that may not have defamed her by itself does not impact the proper pleading of a defamation plus cause of action in this case. Thank you. I think your time is up. Thank you, Your Honor. Thank you very much. Good morning. May it please the Court, Ed Lostkamp on behalf of the defendants, Ventura Unified School District, Mr. Morrison and Mrs. Dean. This case is premised on a false and incorrect assumption, and that the state-created right for the access to the elementary school campus cannot be revoked by the state, and that somehow this becomes actionable under 1983, and that the letter which was issued by the school pursuant to penal code section 626 was therefore invalid and cannot be revoked under 1983, and then it made it actionable for the so-called false arrest by the Ventura Police Department. Counsel, is this a basis upon which Judge Reel dismissed? Well, we certainly don't know because Judge Reel did not provide us with any instructions or any guidance on that. He simply dismissed it. But I do think, Your Honor, that on the top level, the very top level of analysis, this case fails and is not revivable because plaintiff has not established any federally-created right or constitutional right for unfettered access to a school campus during school hours. Let me ask this. Do you agree that this plaintiff had a right to amend her complaint and that that was foreshortened by the district court judge simply based on timing? Your Honor, I have not considered that before, but if that is the case, then that be the case. Let me ask you a question, and this is the question really brought up by good Judge Fletcher here, and that is, it seems to me that a one-sentence order not giving explanation as to why he dismissed without leave to amend is a little tough to affirm on an abuse of basis. Your Honor, I don't think it actually is. When we look at the top-level analysis and determine that there is no federally-created right or constitutional right for the plaintiff to access the school, she definitely doesn't have to amend an only-pledged-in-1983 action. She's got all kinds of actions she might be able to plead under state law as well. All we're saying is, and this is a thing that's of some concern to me, first of all, I read the record. The judge says, no, I'm going to dismiss. He doesn't even say without any right to amend. Then we get back the written order that you prepared, and it says he doesn't have the right to even amend, which he didn't say in the hearing, but now he's signing a right to amend, and we don't even have an answer in yet. And I guess that's the worry when he doesn't tell us why he did it, and he doesn't give the person the right to amend when they don't even have an answer in yet. And so I guess I'm wondering how I affirm that kind of decision on abuse of discretion. Because if we do go back to that analysis of where is the federally created right, the case fails. Plaintiff cannot plead anything that she hasn't already done under this verified complaint to create that right under the analysis of any of the cases that she has raised or any of the statutes she has raised. If I may, I'd like to address the Braxton case just for a moment. Plaintiff has bootstrapped two sections of the California State Penal Code, 627, which defines outsiders, that the school has the right to keep outsiders off of campus, and it creates a certain scheme for doing so. In that, it defines outsiders as others than students, teachers, and parents. But that's not the basis on which Ms. Dallone was, whose access was revoked. Is she an outsider? No, she's not. She falls under 626, which creates that right for the school to revoke the consent to enter campus as to all persons. Now, plaintiff cites Braxton, the California Supreme Court, but does not analyze it correctly and then gives a misstatement of the holding of Braxton. A couple of considerations. Braxton was a college case, San Francisco State, back in the early 70s. It was brought by students who were on college. We're claiming that their right for speech was somehow abridged by the enactment by the enforcement of 626 because the administration didn't like what they were saying. You're not trying to tell us that without cause they can revoke the consent for anyone? The cause is there and the cause is allowed in the statute where the administration feels that this person is interfering with the instruction of the school. But there are appeal procedures in process that you have to go through. Yes. And I don't think that took place here. It was never exercised, Your Honor. Under 626, there's a 14-day period by which the consent can be revoked. Then the subject of that revocation has the right to ask for a hearing. Then it triggers the requirement that a hearing be held. None of that was alleged. Was she advised? It does not demand or does not require that that be advised to the person. I would like to add, however, Your Honor, that that revocation letter that is a subject, and in fact the whole nexus of the entire suit, was also copied to plaintiff's then attorney. Now, plaintiff could have sought out those remedies of getting a hearing. Instead, she chose to come back onto campus yet again and again several times during the day. The police was rightfully called. The police interviewed a number of witnesses, including two teachers, the principal, and a school administrator, all of whom gave their version of what happened. Now, this might be very nice for summary judgment, but none of that was had an opportunity to get into the record anywhere. Right. My point, though, is that this is all state law, which creates a state action at most. It does not rise to a federal action whatsoever. You're arguing that you're arguing against an amendment which hasn't been made yet? Well, I'm saying that there is no possibility to save this case if an amendment was made. Well, you're representing both sides. No. Your Honor, this was a verified complaint with everything that could be in it, in it. Now, the fact that this But then you don't know what the amendment might be. I can't imagine anything under the law that exists Well, usually the opposite party can't imagine anything that the first party could say that could possibly have any merit. Certainly. But under the lack of any federal statute or constitutional right to unfettered access, there is none. This case must fail. Well, I guess I come back to my original situation, and this is the problem that I see here as it relates to your case. The judge never said in oral hearing any place dismissed without any right to amend. Then you drafted or papered up whatever he had to say and added without any right to amend, and either he didn't see it or he just signed it. Well, I don't know which, because we can't tell. And therefore, with people not even having filed an answer, with the rule being pretty straightforward, as you can amend once without anybody's permission before a response in pleading his file, then I'm trying to figure out how I can suggest that it isn't an abuse of discretion for somebody to sign such an order and then go forward. I mean, the honest truth is we can hypothesize or you might be able to hypothesize some situations that you believe would not be acceptable for amendment. But our problem is we have not even given the plaintiff the opportunity to do that. And then we have to say, oh, it's not an abuse of discretion, Your Honor. That's my worry. It is a. I mean, it comes to the Honorable King's question. I mean, you can hypothesize the ones that you need to in order to find the right response. But we don't even have the chance to have the good judge talk about that. Understood, Your Honor. The point is that there is no statute or constitutional basis for the case, no matter what, regardless of which facts are rearranged to try to create such a scenario. With that, I see my time is up. Thank you very much. Thank you. We appreciate your argument in these matters and case 0655990 is hereby submitted.
judges: Fletcher, Smith, King